# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY J. BURRIOLA,       )
                           )
       Petitioner,        )    3:10-cv-0344-ECR-VPC
                           )
vs.                        )    **ORDER**
                           )
WARDEN PALMER, *et al.*,   )
                           )
       Respondents.       )
_____/

Petitioner, Anthony J. Burriola, is a Nevada prisoner appearing pro se. Before the Court is respondents' Motion to Dismiss the petition (ECF No. 10) and petitioner's "Opposition to Motion to Dismiss/Summary Judgment of § 2254 Due to Breach of Plea Agreement - and Plaintiff's Motion for Summary Judgment (ECF No. 13). Respondents do not reply.

**I.    Overview**

Petitioner attacks a judgment of conviction from 1999. The petition was filed in this Court on June 9, 2010. The petition raises four grounds for relief which petitioner identifies as having been exhausted in his second state post-conviction petition. The grounds for relief allege:

> I.    Denial of Due Process guaranteed by the Fourteenth Amendment where the Petitioner was coerced into pleading by a promise of a maximum sentence of (5) years, but once he appeared to plea, was coerced to plea based on time served and consideration for parole after six years. Burriola did not receive the (2) years for time served in jail; and was not considered for parole after (6) years in prison, as stipulated in the plea agreement. This breach of the plea agreement entitled the prisoner to withdraw the plea - by law, and the sentence to be vacated.

Petitioner asserts he first raised this claim in a second post-conviction action filed October

1  24, 2008 because the "violation was not manifest at the time of the first post-conviction action."
2  Petition, p. 4.

3      II.    Violation of Fourth, Fifth, and Sixth Amendment rights to be free from illegal seizure, due process, right to trial in speedy fashion, right to attorney at trial. The criminal complaint filed on 3.5.98 in justice court, charged Burriola with (8) felony violations. Information was not filed in district court until 6.9.98. The prisoner was under false arrest from 3.5.98 to 6.9.98, since Nevada and federal laws dictate that Information must be filed in district court within (15) days after holding or waiver of preliminary hearing in justice court. A structural defect.

8  Petitioner asserts he only became aware of "the illigality [sic] of this action on October 12-
9  2008." Petition, p. 6.

11      III.    Violations of the First and Fourteenth Amendment rights to access to the court and due process. On 8.4.2000, an evidentiary hearing was held regarding a first post conviction relief action. The judge - Mosley - refused to appoint counsel for that hearing, which in turn prevented proper development of record, facts, laws and procedures violations which would be meritorious.

14  Petitioner contends the violation occurred at the evidentiary hearing for the first petition.

15      IV.    Violation of the First and Fourteenth Amendment right to access the courts and due process. The State/Defendants prevented the filing of an appeal from denial of the previous petition by keeping the prisoner in a disciplinary segregation cell without legal research materials; access to the legal library; a pen to construct and sign documents until the time to appeal had expired; or legal mail. Which in turn, denied review of meritorious grounds contained in that action, in the constitutionally guaranteed manner, e.g. IAC, plea entered into unknowingly and by coercion, etc.

20  Petitioner asserts he did appeal to the Nevada Supreme Court but was denied proper review
21  because he was untimely due to the state actors preventing him from filing on time. Petition, p. 8-a.

22  **II.   Discussion**

23  Respondents move to dismiss the petition on the basis of procedural default and failure to
24  state federally cognizable claims. In support of the argument for procedural default, respondents
25  note that the Nevada Supreme Court affirmed dismissal of the second state petition on the basis of
26  NRS 34.726(1), NRS 34.800(2) and NRS 34.810(2), citing to the third document attached to the
27  petition. In that document the Nevada Supreme Court ordered:

2

> Appellant filed his petition on October 24, 2008, more than nine years after the filing of the judgment of conviction on April 23, 1999. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus on April 23, 2000. *See* NRS 34.810(2). Further, appellant's petition constituted an abuse of the writ as he raised claims that were new and different from those claims raised in his previous post-conviction petition. *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and prejudice. Further, because the State specifically pleaded laches, appellant was required to overcome the presumption fo prejudice to the State. *See* NRS 34.800(2).

Petition, attachment 3.

The Nevada Supreme Court went on to determine that the arguments for cause and prejudice presented by petitioner to overcome the procedural bar were inadequate. The court denied relief. *Id.* As a result, petitioner's claims are procedurally defaulted in federal court.

In opposition to the motion to dismiss, petitioner fails to address the substance of the arguments, suggesting instead that respondents filed an inappropriate response, failed to comply with F.R.C.P. 8(b) and LR 7-2 and failed to raise any issue of material fact or defense as to the merits of petitioner's claims, e.g., that there was a breach of the plea agreement. Petitioner further argues the motion to dismiss must be denied because respondents did not file any declarations or other sworn testimony to support the motion.

Petitioner's arguments are inapposite to the basis for the motion to dismiss and he offers nothing by way of arguments in that brief to overcome the procedural bar imposed by the Nevada Supreme Court, except to suggest the issue is null because "bar has been argued and thoroughly refuted by petitioner's brief in support of petition." Opposition to Motion to Dismiss, p.2. Petitioner has, however, filed a brief in support of his petition wherein he presents certain arguments apropos to the instant motion. Those arguments will be considered herein.

A. <u>Procedural Default</u>

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also

3

1  rejected the claim on the merits in the same decision.  Federal habeas review will be barred on
2  claims rejected on an independent and adequate state law ground unless the petitioner can
3  demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged
4  violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of
5  review.  *See,e.g.,Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).  In this instance petitioner is
6  faced with at least three state procedural bars: NRS 34.726; NRS 34.800(2); and NRS 34.810(2).
7  Since all were applied to the petition by the Nevada Supreme Court, any one can be found to be
8  adequate to bar this Court's review.

### Adequacy of NRS 34.726(1)

10  For application of a state procedural bar to prevent federal habeas review of a federal claim,
11  the state's procedural rule must be both independent of the federal question and adequate to support
12  the judgment.  *See,e.g., Collier v. Bayer*, 408 F.3d 1279, 1283-84 (9th Cir. 2005).  In order for a
13  state procedural rule to be adequate to support the state court judgment, the state rule must be clear,
14  consistently applied, and well established at the time of the petitioner's purported default.  408 F.3d
15  at 1284.  A state law procedural rule is adequate if the state courts followed the rule "in the vast
16  majority of cases" during the relevant time.  *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir.
17  1996).

18  Although, petitioner has not done so in his briefing, when a habeas petitioner challenges the
19  consistency of a state's application of a time bar, the court considering the challenge must look to
20  the consistency of application both at the time that the limitations period began running following
21  the denial of the direct appeal and at the time that the time bar was applied in denying post-
22  conviction relief.  *See,e.g., High v. Ignacio*, 408 F.3d 585, 589 (9th Cir. 2005).  In this case, the
23  Court thus looks to the consistency of the Nevada Supreme Court's application of NRS 34.726(1)
24  both at the time that petitioner's direct appeal was denied in1999 and at the time that the time bar
25  was applied in 2008.

26  The Ninth Circuit consistently has rejected the argument that the Supreme Court of Nevada
27  inconsistently applies the one-year time bar in NRS 34.726(1) generally.  *See Collier*, 408 F.3d at

4

1285; *Loveland v. Hatcher*, 231 F.3d 640, 642-63 (2000)(as of 1993); *Moran*, 80 F.3d at 1269-70 (as of 1996); *see also High*, 408 F.3d at 590 (discussing rejection of the inconsistency argument as to NRS 34.726(1) in rejecting the same argument regarding an earlier Nevada provision). Thus, NRS 34.726(1) is an independent state law ground that has been consistently applied by the Nevada courts in similar circumstances. The claims were procedurally barred in state court and this Court may not review the merits of the claims absent a showing of cause and prejudice on the part of petitioner.

As cause to overcome the timeliness bar, petitioner suggests in his brief in support of the petition (although not in his opposition to the motion to dismiss) that the issue of the breach of the plea agreement did not occur until April 22, 2005, when he was denied parole at a hearing held on that date. Thus, he contends he was unable to raise the claim in a previous petition. However, as the Nevada Supreme Court noted, this does not excuse the three year delay between the date of the parole hearing in 2005 and the time he filed his second state post-conviction petition in 2008.

### NRS 34.800 - Presumption of Prejudice

Petitioner also argues that the one-year limitation period and laches should not apply because the state did not show that it was actually prejudiced by the delay is unavailing. It is the petitioner's burden to overcome the presumption of prejudice imposed by Nevada law under NRS 34.800. He did not do so to the state court's satisfaction.

The petition is procedurally defaulted and petitioner has not shown a cause external to the defense which would excuse his failure to timely file his petition. Neither has he demonstrated prejudice. *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir.1994).

### Other Procedural Bars

Because the petition is defaulted on the basis of the above discussion of timeliness, it is not necessary for the Court to consider the procedural bar NRS 34.810(2) - second or successive petitions.

B.  Sufficiency of Claims

Respondents also argue that all four claims should be dismissed because they fail to state

5

adequate federal claims for relief.

Specifically, respondents argue that ground one is conclusory and fails to provide sufficient facts to warrant relief. Conclusory allegations not supported by a statement of specific facts do not warrant habeas corpus relief. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995), *cert. denied*, 517 U.S. 1143 (1996). In his first claim for relief, petitioner alleges he was coerced into accepting the plea agreement. He fails, however, to provide any facts showing who coerced him and how the coercion was effected. Such bald allegations will not win relief and must be dismissed.

In ground two, petitioner attempts to make a federal claim out of a purported violation of state law. He suggests that the delay in filing an Information in the state district court violated due process as guaranteed by the Fourteenth Amendment. He admits that he was being held under a criminal complaint and that he was afforded a preliminary hearing to establish the existence of evidence sufficient to make him stand trial. Errors of state law will not afford relief in a federal habeas action. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). And the invocation of a talismanic due process violation will not morph a violation of state law into a federal habeas claim *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Ground two must be dismissed as failing to present a federal claim for relief.

In ground three, petitioner alleges a federal constitutional violation because the state court declined to appoint him counsel to represent him in his state post-conviction proceedings. There is no federal right to appointed counsel in post-conviction proceedings or other discretionary appeals. *Wainwright v. Torna*, 455 U.S. 586, 587-588 (1982); *see also Ross v. Moffitt*, 417 U.S. 600 (1974).

Finally, in ground four, petitioner alleges he was denied due process when he was prevented from filing a timely appeal and federal habeas petition first because he was placed in disciplinary segregation and second because the federal court required that he pay the $5 filing fee to pursue his federal petition. Neither of these circumstances present a valid attack to his state conviction. Rather, as respondents suggest, they present argument to cause to overcome the procedural bar to his federal petition. Ground four must be dismissed, as it fails to state a violation of a federal law or constitutional provision which would invalidate his state criminal conviction. *See,* 28 U.S.C. §

2254.

### III. Petitioner's Motion for Summary Judgment

Petitioner argues that summary judgment is appropriate because respondents have failed to present any issue of fact related to the purported breach of the plea agreement. However, because the merits of the claims shall not be considered given the procedural bar to such review, the motion for summary judgment must be dismissed as moot.

### Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 10) is **GRANTED.** The petition is dismissed as procedurally defaulted and the claims are insufficient to support federal habeas relief.

**IT IS FURTHER ORDERED** that petitioner's Motion for Summary Judgment (ECF No. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that no Certificate of Appealability is warranted and none shall issue.

The Clerk shall enter judgment accordingly.

DATED this 5th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE